**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

```
IN RE:                  :    CHAPTER 13
                        :
Janet Torres            :    No. 16-10999-AMC
     Debtor             :
```

**ORDER**

**AND NOW,** this _____ day of _____, 2020, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell his/her real property located at 606 E. Hilton Street Philadelphia, PA 19134 ("Property"), free and clear of all liens, for the sale price of $50,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of November 12, 2019, to the buyer(s) thereunder, Marta Roman ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters

2. Liens paid at closing

3. Real estate taxes, sewer, trash and/or other such items

4. Property repairs, if any

5. Real estate commission, at no greater than 6%

6. Attorney's fees, if any

    7.    Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement

    8.    Other

After paying all liens in full and all costs of sale, it is believed there will be no funds remaining to remit to the standing Chapter 13 Trustee, William C. Miller, Esq. as this is a short sale.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement.

Debtor shall not be permitted to voluntarily dismiss this case; she may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

The 14 day appeal period is hereby WAIVED.

BY THE COURT

Date: March 31, 2020

_____
**HONORABLE ASHELY M. CHAN**
**U.S. BANKRUPTCY JUDGE**